UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                  Case No. 05-CR-146

MARK A. CUBIE, et al.

    Defendants.

---

ORDER GRANTING DEFENDANT TERRY'S MOTION IN LIMINE TO EXCLUDE STATEMENTS OF EARL BENION (DOC. # 417); GRANTING DEFENDANT NICKSION'S MOTION TO ADOPT RONALD TERRY'S MOTION IN LIMINE ON DYING DECLARATIONS (DOC. # 418)

---

Before the court is defendant Terry's motion in limine to exclude statements allegedly made by Earl Benion on September 19, 2002, to first responders between the time he was shot and the time he died. Defendant Nicksion has moved to adopt defendant Terry's motion. The government proposes that Benion's statements may be admitted under exceptions to the hearsay rule. Specifically, the government argues that the statements qualify as dying declarations under Federal Rule of Evidence 804(b)(2), as excited utterances under Rule 803(2), or are admissible under Rule 807.

After considering the parties' submissions and oral arguments, the court finds that the statements at issue are not admissible.

- DYING DECLARATIONS: The statements at issue do not qualify as dying declarations. This is not a prosecution for homicide, as required for admission under Rule 804(b)(2). Further, in the course of making his statements, Benion asked that someone call is parole officer and at one point became uncooperative when questioned by police. These facts and circumstances do not indicate that Benion had a settled hopeless expectation of imminent death when making his statements. *See*

*Shepard v. United States*, 290 U.S. 93 (1933); *Herrera v. Collins*, 904 F.2d 944, 949 (5th Cir. 1990).

- EXCITED UTTERANCE: The statements at issue do not qualify as excited utterances under Rule 803(2), as the record does not support the government's assertion that Benion's statements were made contemporaneously with the excitement of the surrounding events. *See Webb v. Lane*, 922 F.2d 390 (7th Cir. 1991). Given the interrogation of Benion, Benion's request that someone contact his parole officer, and Benion's later refusal to cooperate with police, it has not been shown that " he was still in such an excited state as to exclude 'the possibility of conscious reflection'" when making the statements. *U.S. v. Zizzo*, 120 F.3d 1338, 1355 (7th Cir. 1997) (*citing United States v. Moore,* 791 F.2d 566, 571-72 (7th Cir. 1986)).

- FED. R. EVID. 807: That Benion may have been shot in connection with a drug debt enhances the unreliability of his statements against the defendants. As such, "the general purposes of the[] Rules [of Evidence] and the interests of justice" are not best served by the admission of the statements.

Even if Benion's statements were to qualify as excited utterances, the Sixth Amendment Confrontation Clause bars their admission. The statements, given in response to questioning by police and firefighters after the shooting, are testimonial statements under *Crawford v. Washington*, 541 U.S. 36 (2004) and *Davis v. Washington*, 126 S.Ct. 2266 (2006), and the defendants did not have prior opportunity for cross examination. The government's reliance on the forfeiture by wrongdoing doctrine does not overcome this bar to admission. Under Supreme Court and Seventh Circuit precedent, the forfeiture by wrongdoing doctrine anticipates the declarant, by the defendant's wrongdoing, be unavailable for the purpose of testifying at trial. *See Davis*, 126 S.Ct. at 2280 ("[W]hen defendants seek to *undermine the judicial process* by procuring or coercing silence from the witnesses and victims, the Sixth Amendment does not require courts to acquiesce. While defendants have no duty to assist the State in proving their guilt, they do have the duty to refrain from acting in ways that *destroy the integrity of the criminal-trial system*." (emphasis added)); *United States v. Scott*, 284 F.3d 758, 762 (7th Cir. 2002) ("The doctrine [of forfeiture by wrongdoing]

2

was codified with regard to hearsay in 1997 with the adoption of Federal Rule of Evidence 804(b)(6)] . . . [I]t contemplates application against the use of coercion, undue influence, or pressure to silence testimony and impede the truth-finding function of trials."); *United States v. Ochoa*, 229 F.3d 631, 639 (7th Cir. 2001) ("The doctrine that a defendant may waive his or her constitutional right to confront witnesses by misconduct has been codified in Rule 804(b)(6)"). Because there is no evidence that Benion was shot to keep him from testifying at trial, and the defendants did not have the prior opportunity for cross examination, the Confrontation Clause bars admission of his testimonial statements.

Therefore,

IT IS ORDERED that Defendant Terry's Motion in Limine (Doc. # 417) is granted.

IT IS FURTHER ORDERED that Defendant Nicksion's motion to adopt Terry's motion in limine on dying declaration (Doc. # 418) is granted.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

3