UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,                      Case No. 05-cr-146-pp

v.

ORLANDES NICKSION,

         Defendant.

**ORDER DIRECTING CLERK OF COURT TO FILE PLEADING AS A PETITION PURSUANT TO 28 U.S.C. §2255**

       At 10:55 a.m. on September 22, 2015, the clerk's office received a pleading from defendant Orlandes Nicksion entitled "Petition for Writ of Audita Querela." The defendant indicates in the pleading that he does not have counsel representing him. The pleading alleges that the defendant recently has discovered evidence "of government misconduct suggesting that Defendants were arrested on the basis of illegal wiretaps and are furthermore actually innocent of the charges underlying their convictions." (The court notes that the June 7, 2005 criminal indictment charged the defendant and six other individuals with controlled substance and firearms offense; presumably this is why he refers to "defendants," plural, despite the fact that he lists only himself as the moving party.)

       The defendant includes in the pleading an explanation of why he is requesting a "writ of audita querela":

1

The writ of audita querela is an old common law procedure defined as a "writ constituting the initial process in an action brought by a judgment defendant to obtain relief against the consequences of the judgment, on account of some matter of defense or discharge, arising since its rendition and which could not be taken advantage of otherwise." 12 Moore's Federal Practice §60, App. 105 (Matthew Bender 3d ed. 1997) (quoting Black's Law Dictionary 167 (rev. 4th ed. 1968)). The writ has been abolished by rule in civil cases. Fed. R. Civ. P. 60(b). The Supreme Court has held that Rule 60's abolition of the writ of audita querela is limited to civil cases. Morgan v. United States, 346 U.S. 502, 74 S. Ct. 247, 98 L.Ed.2d 248 (1954). Thus, federal courts have the authority to grant a writ of audita querela in a criminal case.

Audita querela serves to plug the gap in the system of federal post-conviction remedies as it relates to the Government's demonstrated misconduct which led to the conviction of the Defendants, all of whom are actually innocent, and who were convicted on the basis of invalid and incredible wiretap submissions obtained in violation of federal law. See United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001); United States v. Ayala, 894 F.2d 425 (D.C. Cir. 1990); United States v. Johnson, 962 F.2d 579, 582-83 (7th Cir. 1992).

The defendant also makes the following statement in a footnote:

Defendant intelligently, knowingly and voluntarily brings this pleading under Title 28, United States Code, Section 1651 (the All Writs Act) and adamantly opposes any construction and/or attempt to construe this pleading as one brought under any other vehicle, including, but not limited to a Motion to Vacate, Set Aside or Correct Sentence under Title 28, United States Code, Section 2255. See Morgan v. United States, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 2d 248 (1954).

2

Despite the defendant's adamant opposition, the court will direct the clerk of court to docket this pleading as a federal *habeas corpus* petition under 28 U.S.C. §2255.

Section 1651 of Title 28 states, "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Of course, a federal writ of *habeas corpus* under §2255 is one of the writs the "All Writs Act" authorizes federal courts to issue. Section 2255 allows

> [a] prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

This language describes the relief the defendant seeks on the September 22, 2015 pleading. He is a prisoner in custody under a sentence of a court established by Act of Congress. He is claiming that he (and his co-defendants) have the right to be released because their sentences resulted from fraud committed by the agents and prosecutors who procured the wiretap authorizations that produced the evidence used to convict them. Section 2255 is the vehicle through which persons with claims like the defendants may challenge their sentences.

3

The defendant is adamant, however, that the clerk's office must not treat his pleading as a §2255 petition, and instead must docket it as a petition for a writ of audita querela. This is probably because the defendant already has filed a §2255 petition, see Nicksion v. United States of America, 12-cv-240-CNC (filed March 13, 2012, and dismissed on January 28, 2015), or because he is concerned that a §2255 petition would be barred by the limitations period in 28 U.S.C. §2255(f). The Seventh Circuit has held, though, that a prisoner cannot get around *habeas corpus* impediments by giving their pleadings different titles.

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. See, e.g., Owens v. Boyd, 235 F.3d 356 (7th Cir.2000) (application for coram nobis); United States v. Evans, 224 F.3d 670 (7th Cir.2000) (use of Rule 33 based on matters other than newly discovered evidence of innocence). Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., Ramunno v. United States, 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See Thurman v. Gramley, 97 F.3d 185, 186-87 (7th Cir.1996).

Melton v. U.S., 359 F.3d 855, 857 (7th Cir. 2004).

Because the facts alleged, and relief requested, in the defendant's September 22, 2015 pleading assert a collateral attack on his federal sentence, the court **ORDERS** that the clerk's office shall docket that pleading—regardless

4

of its caption, and over the defendant's adamant objection—as a petition for relief under 28 U.S.C. §2255.

Dated in Milwaukee this 22nd day of September, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge